UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-cv-00438-FDW-SCR

| | | |
|---|---|---|
| AEROTEK AFFILIATED SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | CASE MANAGEMENT ORDER |
| vs. | ) ) ) | (BENCH TRIAL) |
| PIKE ELECTRIC, LLC and PIKE TELECOM AND RENEWABLES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER, upon assignment to the Honorable Frank D. Whitney, and following conference of counsel pursuant to Local Civil Rule 16.1(a), shall be governed by the following Case Management Order entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. This Order is intended to supplement, not supplant, the Court's previously entered Initial Scheduling Order.

<div style="border:1px solid black">

**DEADLINES AT A GLANCE**

| | |
|---|---|
| **Initial Disclosures:** | **July 9, 2024** |
| **Motions to Amend the Pleadings:** | **August 14, 2024** |
| **Expert Reports:** | |
|     Plaintiff | **October 23, 2024** |
|     Defendant | **November 20, 2024** |
| **Discovery Completion:** | **December 18, 2024** |
| **ADR:** | **January 2, 2025** |
| **Dispositive Motions (filed):** | **January 15, 2025** |
| **Dispositive Motions (hearing):** | **April 7, 2025** |
| **Pretrial Submissions:** | **June 16, 2025** |
| **Docket Call:** | **July 7, 2025** |
| **Final Pretrial Conference (FPC):** | **Docket Call** |
| **Trial Setting:** | **July 7–18, 2025** |

</div>

1

1. **DISCOVERY**

    a. **Track Assignment.** Based on the Court's review of the parties' Certification of Initial Attorneys Conference, as well as review of the claims and defenses set forth in the operable pleadings in this matter, this case is assigned to the **Standard** case management track**.**

    b. **Deadline for Completion of All Discovery; Extensions.** All discovery shall be commenced or served in time to be completed by **December 18, 2024**. Pursuant to Rule 29, the Court preauthorizes the parties to stipulate to the taking of discovery beyond the discovery completion deadline provided that any such extension expires not later than fourteen (14) calendar days prior to the scheduled trial term <u>and</u> a joint stipulation memorializing the extension is filed on the record.[1]  Otherwise, discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by Order of the Court for good cause shown.  If a party moves for an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

    c. **Discovery Guidelines.** Each party may propound no more than **25** interrogatories to any other party; each party may serve no more than **25** requests for production on any other party; each party may submit no more than **25** requests for admission to any other party; and each party may conduct no more than **30 hours** of oral

---

[1] Stipulated extensions of the deadline for completion of all discovery will not alter the dates and deadlines for filing, briefing, and hearing dispositive motions, nor do they provide grounds for a continuance of a trial setting.

depositions.[2] Parties may, by agreement, increase the numbers set forth above or, if unable to agree, may seek Court intervention where good cause exists.

    d.    **Disclosures and Supplementation.** Initial pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged **no later than July 9, 2024**. Supplementation of disclosures under Rule 26(e) shall be served at such times and under such circumstances as required by that rule. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a Rule 26(e) supplement made sufficiently in advance of the discovery deadline to put opposing counsel in a realistic position to make strategic judgments about whether to pursue follow-up discovery concerning the witness or exhibit disclosed. A party that fails to comply in good faith with this requirement may be subject to appropriate sanctions pursuant to Fed. R. Civ. P. 37(c)(1). The parties have requested the supplementations under Rule 26(e) be due by December 24, 2024. Such deadline shall not trump the requirements under the Rule, but the Court encourages the parties to abide by the proposed deadline.

    e.    **Expert Reports.** Reports from retained experts under Rule 26(a)(2) shall be due from the Plaintiff(s) no later than **October 23, 2024**, and from the Defendant(s) no later than **November 20, 2024**.

    f.    **Responses to Interrogatories and Requests for Admission.** Every response to an interrogatory or request for admission, and every objection thereto, shall be

---

[2] This provision does not supersede the requirements of Rule 30(d)(2) (limiting oral deposition of any given witness to one day of seven hours) but only provides a mechanism for capping the total amount of depositions a party may take. Only time on the record shall be counted against this limit, and time will be assessed against the party whose counsel is questioning the witness, irrespective of which party noticed the deposition.

preceded by the original number and complete text of the corresponding interrogatory or request for admission.

    **g.**    **The Maintenance of Discovery Materials.**  Discovery materials are <u>not</u> to be filed unless used to support or oppose a motion.  All counsel are advised to consult Local Civil Rule 26.2, which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed except upon Order of the Court.  The parties are solely responsible for the preservation of any and all discovery materials they may generate.

    **h.**    **Protective Orders; Filings Under Seal.**  In order to avoid unnecessary delay in responding to discovery requests, the Court has adopted a standing protective order that is applicable to each case before the undersigned, subject to supplementation, modification, or vacatur, as the need may arise, upon motion of a party.  <u>See</u> Standing Protective Order for Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 3).  Even with a protective order governing confidential documents in place, however, Court filings may be kept under seal only upon written motion of a party satisfying the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-81 (4th Cir. 1988) and Local Civil Rule 6.1.  Specifically, any motion to seal shall set forth: (i) a non-confidential description of the material sought to be sealed; (ii) a statement of reasons sufficient to overcome the public's presumptive right of access; (iii) a statement as to why sealing is necessary (*i.e.*, why there are no adequate alternatives to filing under seal); (iv) a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon

unsealing; and (v) supporting statutes, case law, or other authority.

    **i.** **Discovery Disputes.** Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this and prior to filing a formal motion aimed at resolving a discovering dispute on the docket, the parties are required, within fourteen (14) calendar days after a discovery dispute arises,[3] to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

**2.** **ALTERNATIVE DISPUTE RESOLUTION**

    **a.** **Method of ADR**. The method of ADR required to be utilized in this case is **Mediated Settlement Conference**.

    **b.** **ADR Deadline**. The deadline for completing ADR and filing a report on the results is **January 2, 2025**. The parties, however, may conduct ADR after an initial round of discovery.

---

[3] This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived.

c.  **Settlement Procedures.**  If at any time a settlement is reached it shall be reported immediately to the Court, in writing.  Counsel and the parties shall take notice that the filing of a Notice of Settlement does not stay or toll any deadlines, including trial.  Upon notification of settlement, however, the Court may enter an Order nominally dismissing the case without prejudice to the right of any party to reopen it should the settlement not be consummated as contemplated.

3. **MOTIONS**

    a.  **Motions Deadlines.**  Any motion for leave to join additional parties or otherwise to amend the pleadings shall be **filed by August 14, 2024**.[4]  All dispositive and other pretrial motions except for motions to continue and motions *in limine* shall be filed **no later than January 15, 2025**.  Parties may not extend these deadlines by agreement and stipulated extensions of the deadline for completion of all discovery will not alter the motions deadline.

    b.  **Proposed Form of Order.**  All pretrial motions other than motions made pursuant to Rules 12(b), 12(c), 23, 56, or 65(a) of the Federal Rules of Civil Procedure shall be accompanied at the time of filing with a proposed form of order stating the requested relief.  <u>Proposed orders shall be submitted to Chambers electronically, in Microsoft Word or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.</u>

    c.  **Memoranda of Law; Requirements and Deadlines.**  All relevant portions of the Court's Initial Scheduling Order remain in full force and effect (including the

---

[4] A motion to amend the pleadings made after this deadline is, in effect, a motion to amend this scheduling order, and any party seeking to do so will have the burden of satisfying not only Rule 15's "justice so requires" standard but also Rule 16(b)'s "good cause" standard.

provisions regarding content of memoranda of law, attorney certifications, briefing schedules, computation of time, extensions, and objections to or reconsideration of a magistrate judge's decision), except that the Court sets the following additional word limits:

i. Unless <u>prior</u> permission has been granted, memoranda of law in support of or in opposition to any discovery or evidentiary motion shall not exceed **3,000** words, and reply memoranda will not be permitted in discovery or evidentiary disputes.

ii. Unless <u>prior</u> permission has been granted, memoranda of law in support of or in opposition to any dispositive motion shall not exceed **6,000** words, and reply memoranda shall not exceed **2,000** words.

**d. Exhibits.** A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be included as an "Appendix" or "Attachment" thereto and filed with the Court.

**e. Hearings.**

i. <u>Scheduling.</u> Counsel should plan for the calendaring of dispositive motions for hearing, unless, upon reviewing the briefs, the Court deems oral argument unnecessary. If a hearing is to be scheduled, oral arguments on dispositive motions will be held between **April 7, 2025**. A notice of hearing with an exact date and time will be entered by the Court after reviewing the dispositive motions.

ii. <u>Procedure.</u> Oral arguments shall be limited to fifteen (15) minutes per side but may be extended at the discretion of the judge. After arguments are

7

heard and before a ruling is issued, the parties will be provided an opportunity to discuss settlement. Accordingly, counsel are directed to have their clients or representatives with settlement authority either present in the courtroom or readily available by telephone at the time of hearing. Counsel are advised that the Court may elect to issue an immediate decision on the record in open court in lieu of a written order, and/or request the prevailing party to prepare a written draft order memorializing the Court's decision.

4. **PRETRIAL AND TRIAL PROCEDURES**

   a. **Trial.** This case shall be tried **without** a jury. Counsel should be prepared to proceed to trial during the mixed trial term of court of **July 7–18, 2025**. Docket call will take place at 9:00 A.M. on **July 7, 2025** in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. Trial is anticipated to last **2–3 days**. The order that cases will proceed to trial will be finalized at docket call, and counsel and witnesses should be prepared accordingly.

   b. **Final Pretrial Conference.** Unless otherwise ordered by the Court, the final pretrial conference shall take place immediately following docket call, on **July 7, 2025**. On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

   c. **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by **June 16, 2025**:

      i. Jointly-Proposed Pretrial Order. If the Court has not yet ruled on any dispositive motions when pretrial submissions are due, counsel should

8

prepare the pretrial order as if the case is proceeding to trial. This jointly-prepared and jointly-submitted document shall contain:

(1) A joint statement of the case, the purpose of which is to acquaint the court with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

(2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be

9

completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page, and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

(8) The parties must also file copies of the exhibit and witness lists on CM/ECF.

ii. <u>Exhibits.</u> Counsel and the parties are expected to use presentation technology available in the courtroom to display evidence. Training on the

10

equipment should be arranged well in advance of trial with the Courtroom Deputy and requested no later than **June 16, 2025** using the District's Courtroom Technology web form. See "Request Training" links on https://www.ncwd.uscourts.gov/courtroom-technology. Counsel shall provide a flash drive containing in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file and named consistent with their order and name on the exhibit list. The flash drive shall be delivered to the Clerk's Office (Attn: Candace Cochran) immediately after submitting the jointly-proposed pretrial order. <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

iii. All working drafts of documents (*e.g.*, the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically by filing them on the Docket through CM/ECF.

iv. After reviewing the pretrial submissions, the Court reserves the right to limit the presentation of evidence through establishing reasonable time limits for each party when necessary. The Court will consider the parties' proposed witness lists, proffered testimony, estimates of trial time, and other factors

11

to ensure that the trial is conducted efficiently and fairly.

d. **Motions *in Limine* and Trial Briefs.** To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions *in limine*,[5] if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Absent prior approval from the Court, each party may file no more than one brief, whether in support of or in opposition to, all motions *in limine*, excluding any motion filed pursuant to Rule 702 of the Federal Rules of Evidence. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii). The Court does not intend to address motions *in limine* at the pretrial conference but will instead address them on the first day of trial.

e. **Video Depositions.** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

f. ***De Bene Esse* Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(4) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at

---

[5] Due to the more informal nature of a bench trial, a motion *in limine* should not be filed if the objection is susceptible to resolution in the course of trial.

trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

    **g.**     **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline. In completing the trial subpoenas, counsel should identify the information for docket call as the time, date, and place to appear from Section 4(a) above.

Finally, should counsel need to contact the undersigned's Chambers regarding any administrative matters in this case, counsel shall TAKE NOTICE that an attorney of record **must** participate in any call or communication to Chambers.

IT IS SO ORDERED.

Signed: June 25, 2024

Frank D. Whitney
United States District Judge